UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE R. MONTEVERDE, | Case No. CV 17-1344-KK |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Monique R. Monteverde ("Plaintiff") seeks review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Agency") denying her applications for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to Title 28 of the United States Code, section 636(c). For the reasons stated below, the Commissioner's decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I.
## **PROCEDURAL HISTORY**

On January 22, 2013, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of July 31, 2012. Administrative Record ("AR") at 163-75.

Plaintiff's applications were denied initially on December 9, 2013.[1] Id. at 81-111. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). Id. at 121-23.

On April 28, 2015, Plaintiff appeared with counsel and testified at a hearing before the assigned ALJ. Id. at 51-73. A vocational expert ("VE") also testified at the hearing. Id. at 73-79. On July 16, 2015, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. Id. at 24-44.

On September 4, 2015, Plaintiff filed a request to the Agency's Appeals Council to review the ALJ's decision. Id. at 19-21. On December 19, 2016, the Appeals Council denied Plaintiff's request for review. Id. at 1-9.

On February 17, 2017, Plaintiff filed the instant action. ECF Docket No. ("Dkt.") 1, Compl. This matter is before the Court on the Parties' Joint Stipulation ("JS"), filed on October 10, 2017. Dkt. 16, JS.

## II.
## PLAINTIFF'S BACKGROUND

Plaintiff was born on June 16, 1964, and her alleged disability onset date is July 31, 2012. AR at 163, 167. She was forty-eight years old on the alleged disability onset date and fifty years old at the time of the hearing before the ALJ. Id. at 39, 55. Plaintiff has a high school education, a Home Health Aide certification, and formerly held a Certified Nursing Assistant certification. Id. at 55. Plaintiff alleges disability based on a neck and back injury. Id. at 64, 81, 95.

## III.
## STANDARD FOR EVALUATING DISABILITY

To qualify for benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity, and that is expected to result in death or to last for a

---

[1] Plaintiff's case was a "prototype" and, thus, not subject to reconsideration. Id. at 27; see also 20 C.F.R. §§ 404.906(a) & 416.1406(a).

2

continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

To decide if a claimant is disabled, and therefore entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

1. Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
2. Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.
3. Does the claimant's impairment meet or equal one of the specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.[2]
4. Is the claimant capable of performing work she has done in the past? If so, the claimant is found not disabled. If not, proceed to step five.
5. Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

See Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the

---

[2] "Between steps three and four, the ALJ must, as an intermediate step, assess the claimant's [residual functional capacity]," or ability to work after accounting for her verifiable impairments. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222-23 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(e)). In determining a claimant's residual functional capacity, an ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

claimant meets her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## IV.
## THE ALJ'S DECISION

### A. STEP ONE

At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since July 31, 2012, the alleged onset date." AR at 29.

### B. STEP TWO

At step two, the ALJ found Plaintiff "ha[d] the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, thoracic spine disorder, asthma, and obesity." Id.

### C. STEP THREE

At step three, the ALJ found Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Id. at 32.

### D. RFC DETERMINATION

The ALJ found Plaintiff had the following RFC:
> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except [Plaintiff] can lift 20 pounds occasionally and 10 pounds frequently; she can stand and walk for 6 hours out of an 8-hour workday; she can sit for 6 hours out of an 8-hour workday; she can frequently balance and perform all other posturals on an occasional basis; she should avoid concentrated exposure to extreme cold, wetness, vibrations, fumes, odors, gas, dusts, and hazards.

4

Id. at 32-33.

### E. STEP FOUR

At step four, the ALJ found Plaintiff is "unable to perform any past relevant work." Id. at 38.

### F. STEP FIVE

At step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." Id. at 39.

### V.
### PLAINTIFF'S CLAIMS

Plaintiff presents one disputed issue: Whether the ALJ properly evaluated the opinions of Plaintiff's workers' compensation physician Rick Pospisil, M.D.

### VI.
### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

"Substantial evidence" is evidence that a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick, 157 F.3d at 720; see also Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (stating that a reviewing court "may not affirm simply by isolating a 'specific

quantum of supporting evidence.'"). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). If the ALJ erred, the error may only be considered harmless if it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination." Robbins, 466 F.3d at 885.

## VII.
## **DISCUSSION**
## **THE ALJ ERRONEOUSLY REJECTED**
## **DR. POSPISIL'S MEDICAL OPINIONS**

### A. RELEVANT FACTS

The ALJ reviewed Plaintiff's medical record, including reports from Dr. Rick F. Pospisil, M.D. AR at 379-402. Dr. Pospisil is an orthopaedic surgeon who was the agreed medical evaluator in Plaintiff's workers' compensation case. In this capacity, he examined Plaintiff and evaluated her injuries on July 19, 2013 and September 13, 2013. Id. at 379-402.

In his July 19, 2013 report, Dr. Pospisil reported decreased range of motion with pain of Plaintiff's cervical spine, in addition to tenderness and mild spasm to palpation. Id. at 385. Dr. Pospisil similarly reported decreased range of motion with pain of Plaintiff's lumbar spine, in addition to muscle tenderness to palpation. Id. at 387. Dr. Pospisil diagnosed (1) cervical spine sprain/strain, rule out herniated nucleus pulposus; (2) cervical radiculopathy; (3) lumbar spine

6

sprain/strain, rule out herniated nucleus pulposus; and (4) lumbar radiculopathy. Id. at 388. Dr. Pospisil restricted Plaintiff from work involving heavy lifting, repetitive bending or stooping, and prolonged sitting or standing. Id. at 390.

In his September 13, 2013 report, Dr. Pospisil reported similar clinical findings. Id. at 396-98. In addition, Dr. Pospisil reported Plaintiff exhibited a decreased sensation to pinprick on the radial aspects of her arms, consistent with C5-6 radiculopathy. Id. at 398. Dr. Pospisil further detailed the results of an MRI of Plaintiff's cervical and lumbar spine, and diagnosed (1) cervical discopathy involving multiple levels, most pronounced at the C5-C6 level; (2) cervical radiculopathy; (3) lumbar discopathy involving multiple levels, most pronounced at the L4-L5 level; and (4) lumbar radiculopathy. Id. at 399. Dr. Pospisil then provided a written assessment of Plaintiff's injuries, in which he explained Plaintiff suffered from mild to severe foraminal encroachments of the cervical spine, mild to moderate neural encroachments of the lumbar spine, and moderate to severe foraminal encroachments of the lumbar spine. Id. Dr. Pospisil noted Plaintiff had moderate to severe restriction of neck mobility; diminution of reflexes in the triceps, biceps, and brachioradialis; and significant stenosis at multiple levels of the neck and low back. Id. Finally, Dr. Pospisil concluded Plaintiff could not perform her past work and was restricted to work "with minimal demands of physical effort, primarily in a seated position, with the freedom to change positions as necessary for pain relief." Id. at 400.

The ALJ acknowledged Dr. Pospisil's conclusions that Plaintiff was restricted to light work with no heavy lifting, no repetitive bending or stooping, and no prolonged sitting or standing, and that she was unable to perform her past work. Id. at 37. The ALJ then offered the following analysis of Dr. Pospisil's opinions:

> I give partial weight to Dr. Pospisil's opinions as the restrictions and opinion regarding her past work are generally consistent with the

evidence as a whole. Dr. Pospisil is also a specialist. However, as
specific work restrictions were not given, I do not give it great weight.
Id. Finally, the ALJ gave little weight to Dr. Pospisil's opinion that Plaintiff was "temporarily totally disabled." Id. The ALJ reasoned that conclusions "that a claimant is TTD [temporarily totally disabled] in the context of a workers' compensation case is not relevant with regard to an application under the Social Security Act." Id.

**B.     APPLICABLE LAW**

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. §§ 404.1502, 404.1527.

"[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" Carmickle, 533 F.3d at 1164; see Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her or] his interpretation thereof, and making findings." Reddick, 157 F.3d at 725. The ALJ "must set forth [her or] his own interpretations and explain why they, rather than the [treating or examining] doctors', are correct." Id.

While an ALJ is not required to discuss all the evidence presented, he must explain the rejection of uncontroverted medical evidence, as well as significant

probative evidence. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Moreover, an ALJ must consider all of the relevant evidence in the record and may not point to only those portions of the records that bolster his findings. See, e.g., Holohan v. Massanari, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (holding an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

**C. ANALYSIS**

Here, because Dr. Pospisil's opinions were contradicted by the other medical evidence of record, in order to reject his opinions the ALJ was required to present "specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164; see Ghanim, 763 F.3d at 1160-61; Garrison, 759 F.3d at 1012; Ryan, 528 F.3d at 1198. As set forth below, the ALJ failed to provide such reasons.

The ALJ first gave a general and vague rejection of Dr. Pospisil's opinions, purporting to give "partial weight" to the doctor's opinions. AR at 37. However, the ALJ failed specify which portions of Dr. Pospisil's opinions were being credited. Such a conclusory assessment of a physician's opinions is insufficient. Lannon v. Comm'r of Soc. Sec. Admin., 234 F. Supp. 3d 951, 955-56 (D. Ariz. 2017) (holding ALJ must do more than offer his conclusions in rejecting physician's opinion).

The ALJ also provided one specific reason for rejecting Dr. Popisil's opinions: that Dr. Pospisil did not offer "specific work restrictions." Id. at 37. This reason is specific, but it is not legitimate. Contrary to the ALJ's finding, Dr. Pospisil provided specific work restrictions by limiting Plaintiff to work "primarily in the seated position," stating she needed the freedom to change positions as necessary for pain relief, and precluding her from work involving heavy lifting, repetitive bending or stooping, and prolonged sitting or standing, id. at 390, 400.

Finally, to the extent Dr. Pospisil offered his recommended work restrictions in terms of art used in the workers' compensation, rather than social security,

context, this still is not a legitimate reason for the ALJ to reject the doctor's opinions. The ALJ cannot simply reject opinions given in the worker's compensation context as "not relevant" to the Social Security context. Rather, "[t]he ALJ must 'translate' terms of art contained in [workers' compensation] medical opinions into the corresponding Social Security terminology in order to accurately assess the implications of those opinions for the Social Security disability determination." Booth v. Barnhart, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002). "While the ALJ's decision need not contain an explicit 'translation,' it should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence." Id.; see, e.g., Guzman v. Colvin, No. CV 13-05380-MAN, 2014 WL 4961696, at *5 (C.D. Cal. Oct. 3, 2014) ("Because the ALJ did not adequately consider the different meanings of the terms used by Dr. Montgomery in the workers' compensation and Social Security contexts, the ALJ's reference to Dr. Montgomery's workers' compensation findings was not a legitimate reason to discount Dr. Montgomery's assessment of plaintiff's RFC.").

For all the foregoing reasons, the Court finds the ALJ failed to give specific and legitimate reasons for rejecting the opinions of Dr. Pospisil.

## VIII.
## RELIEF

"When an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Hill, 698 F.3d at 1162. "We may exercise our discretion and direct an award of benefits 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'" Id. "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination

can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." Id.; see also Reddick, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits.").

In this case, the record has not been fully developed. The ALJ must specifically assess the opinions of Dr. Pospisil and provide specific and legitimate reasons for rejecting his medical opinions. Accordingly, remand for further proceedings is appropriate.

## IX.
## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this action for further proceedings consistent with this Order. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

Dated: October 18, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge

11